NOT RECOMMENDED FOR PUBLICATION
File Name: 26a0297n.06

No. 25-1775

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| | ) | **FILED** |
| | ) | Jul 10, 2026 |
| | ) | KELLY L. STEPHENS, Clerk |
| v. | ) | |
| | ) | ON APPEAL FROM THE |
| WILLIAM GARNET CORNWELL, | ) | UNITED STATES DISTRICT |
| Defendant-Appellant. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| | ) | |
| | ) | OPINION |
| | ) | |
| | ) | |

Before: GILMAN, GRIFFIN, and READLER, Circuit Judges.

GRIFFIN, Circuit Judge.

While on state parole, defendant William Garnet Cornwell pleaded guilty to being a felon in possession of a firearm, in violation of federal law. At sentencing, Cornwell anticipated an additional state sentence based on the revocation of his parole. The district court elected to remain silent on whether Cornwell's federal sentence would run concurrent to or consecutive with that anticipated sentence, as the specifics of the state sentence were unclear. Cornwell's counsel agreed with the district court's approach at sentencing but now Cornwell alleges this was error. Because we discern no plain error, we affirm.

I.

While on parole for a conviction in Michigan state court, Cornwell pleaded guilty in federal court to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). At sentencing, the district court recognized that, because Cornwell anticipated an additional state sentence based on revocation of his parole, it could impose Cornwell's federal sentence concurrent

to or consecutive with that anticipated state sentence. *See* U.S.S.G. § 5G1.3(d). Given that the specifics of the anticipated state sentence were not yet defined, the district court asked Cornwell's counsel why it should not simply stay silent as to whether his federal sentence would run concurrent to or consecutive with the anticipated state sentence. Defense counsel agreed that the district court could stay silent. He also stated that it was difficult to predict Cornwell's state sentence due to uncertainties regarding credit for the time he had served. Nevertheless, counsel predicted that Cornwell would receive 24 months in the state system, and instead of asking for his federal sentence to run concurrent, counsel requested a downward variance in the same amount.

Before issuing its sentence, the district court again addressed the concurrent-or-consecutive question. The district court concluded that it lacked sufficient information to appropriately decide the issue and expressly chose to remain silent. The district court then sentenced Cornwell to 72 months of imprisonment, near the low end of the Guidelines range of 70–87 months. The district court then asked whether there was any objection to the sentence. *See United States v. Bostic*, 371 F.3d 865, 872 (6th Cir. 2004). Cornwell's counsel did not object. Now Cornwell appeals.

## II.

The sole issue is whether the district court erred by declining to expressly run Cornwell's federal sentence concurrent to or consecutive with his anticipated state sentence. Cornwell argues that the district court, by staying silent, improperly ceded its sentencing discretion to the Bureau of Prisons, which will now decide whether Cornwell serves his federal sentence concurrent to or constructive with his state sentence.

Because Cornwell did not object at sentencing, we review under the plain-error standard.[1] To prevail, Cornwell must show (1) error that (2) was clear and obvious, (3) affected his substantial rights, and (4) "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Puckett v. United States*, 556 U.S. 129, 135 (2009) (citation modified). He has not done so.

A.

District courts have "discretion to select whether the sentences they impose will run concurrently or consecutively with respect to" other sentences, including an anticipated "state sentence that has not yet been imposed." *Setser v. United States*, 566 U.S. 231, 236 (2012); *see also* U.S.S.G. § 5G1.3, cmt. n.4(C) (recommending consecutive sentences for anticipated revocations of parole). But, as the Court explained, because "a district court should exercise the power to impose anticipatory consecutive (or concurrent) sentences intelligently," "[i]n some situations, a district court may have inadequate information and may forbear." *Setser*, 566 U.S. at 242 n.6. "By this language, the Court acknowledged that it is well within the discretion of district courts to refrain from imposing anticipatory consecutive or concurrent sentences." *United States v. Dear*, 2023 WL 3093875, at *2 (6th Cir. Apr. 26, 2023).

Cornwell attempts to distinguish *Dear* on the grounds that the district court seemed to doubt its authority to impose a concurrent sentence because it erroneously believed that such a sentence would constrain state authorities when they eventually revoked Cornwell's parole. But the record belies this argument. The district court recognized its authority several times to impose

---

[1]The government contends that Cornwell waived this claim, but we need not address this question because the claim fails even on plain error review. *See United States v. Thompson*, 119 F.4th 445, 454 (6th Cir. 2024) (per curiam). Nor do we address Cornwell's alternative argument that his counsel erred in purportedly waiving the claim.

its sentence concurrent, partially concurrent, or consecutive to Cornwell's anticipated state sentence. Then, before handing down Cornwell's sentence, the district court returned to the concurrent-or-consecutive question and concluded that the state sentence was "clearly [in]determina[te] at this point," and "it would be [un]reasonable to try to guess how" it should take any eventual sentence into account. Thus, the district court decided to stay silent, which was not plainly erroneous. Without the full picture of what may have been before the state authorities, the district court permissibly refrained from directing how the federal sentence must run with the state sentence. *See Dear*, 2023 WL 3093875, at *2.

We affirm.